5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 6 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RIO GRANDE UNDERWRITERS, INC. | § § § § § | |
| VS. | § | NO. B-01-0022 |
| | § § § § | |
| PITTS FARMS, INC. | § | |

### DEFENDANT PITTS FARMS, INC.'S MOTION TO DISMISS

Pitts Farms, Inc., Defendant in the above styled and numbered cause, files this motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and says:

1. This Court lacks jurisdiction of plaintiff's Application For Stay Order because the court does not have jurisdiction of the underlying dispute and because the suit brought in state court is a suit for fraud, misrepresentation, negligence and violations of the Texas Deceptive Trade Practice Act and does not involve commerce.

2. In *Moses H. Cone Memorial Hospital vs. Mercury Construction Corporation* 460 U.S. 1, 103 S. Ct. 927 (1983), the Supreme Court points out that the Federal Arbitration Act ". . . does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed. Supp V) or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue...". At 460 U.S. 25, 103 S. Ct. 942, f. n. 32. Also see

*We Care Hair Development, Inc. vs. Engen*, 180 F.3rd 838 (7th Cir. 1999), *National Iranian Oil Company vs. Mapco International Inc.*, 983 F.2nd 485 (3rd Cir. 1992) and *AAACON Auto Transport Inc vs. Teafatiller*, 334 F. Supp. 1042 (S.D. N. Y. 1971).

3. In addition to plaintiff showing that the court has jurisdiction, which it has not, the plaintiff must establish that the contract in question in fact involves commerce. It is not enough that the contract merely says that it does. *Allied-Bruce Terminix Companies Inc. vs. Dobson*, 513 U.S. 265, 115 S. Ct. 834 (1985). The underlying suit does not involve commerce and hence the court could not refer the matter to arbitration. *Warren Bros. Co. vs. Community Building Corporation of Atlanta Inc.*, 386 F. Supp. 656 (N.D. North Carolina 1974).

4. Finally because the state court has concurrent jurisdiction with the federal court to decide whether the Federal Arbitration Act applies, *Merrill Lynch, Pierce, Fenner & Smith Inc. vs. Haydu*, 637 F.2d 391 (5th Cir. 1981) and because of the rule of comity and abstention referred to in the cases cited above, this Court should decline to hear this matter and all the proceedings should go forward in state court.

WHEREFORE, Premises Considered, Defendant prays that the Court dismiss the plaintiff Application for Stay Order and that all costs incurred herein be adjudged against the plaintiff.

Respectfully submitted,

O.C. Hamilton, Jr.
State Bar 08847000
Federal I.D. 2253
818 Pecan
McAllen, Texas 78521
Phone: (956) 682-5501
Fax: (956) 686-6109
ATTORNEY FOR DEFENDANT

2

## CERTIFICATE OF SERVICE

I do hereby certify that I have served by certified mail, return receipt requested a copy of the foregoing document to Denis Downey at 1185 FM, Suite 3, Brownsville, Texas 78521 on this 15th day of February, 2001:

_____
O.C. Hamilton, Jr.