

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 1 8 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Rio Grande Underwriters, Inc., | § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. B-01-022 |
| Pitts Farms, Inc., | § § § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED, that on April 18, 2001 the Court **ORDERED** the Plaintiff to amend its petition for a stay order [Dkt. No. 1] to assert a proper basis for federal jurisdiction and fully respond to the Defendant Pitts Farms, Inc.'s motion to dismiss [Dkt. No. 5] by May 7, 2001. If the Plaintiff does not comply with this order by May 7, 2001 its case will be dismissed for lack of subject matter jurisdiction. This deadline will be strictly enforced.

The Plaintiff has requested that this Court issue an order staying a state court lawsuit because of an arbitration agreement allegedly governed by the Federal Arbitration Act. See 9 U.S.C. §§ 3 and 4. However, the Court can only consider staying a state court lawsuit based on the Federal Arbitration Act when it "would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 n.32 (1983). See UHC Management Co., Inc. v. Computer Sciences Corp., 148 F.3d 992, 995 (8th Cir. 1998); PaineWebber Inc. v. Faragalli, 61 F.3d 1063, 1066 (3rd Cir. 1995); Snap-on Tools Corp. v. Mason, 18 F.3d 1261, 1266 (5th Cir. 1994). The Plaintiff has not alleged an independent basis for federal jurisdiction in its petition as required by Federal Rule of Civil Procedure 8(a).

DONE at Brownsville, Texas, this 18th day of April 2001.

Hilda G. Tagle
United States District Judge