*12*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 2 0 2001

Michael N. L. by, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Rio Grande Underwriters, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-022 |
| | § | |
| Pitts Farms, Inc., | § | |
| | § | |
| Defendant. | § | |

**ORDER OF DISMISSAL**

BE IT REMEMBERED, that on June 19, 2001 the Court **GRANTED** Defendant Pitts Farms, Inc.'s Motion to Dismiss [Dkt. Nos. 5 and 9] because it does not have subject matter jurisdiction over the Plaintiff's application for a stay order pursuant to the Federal Arbitration Act (FAA).

The Plaintiff has requested that this Court issue an order staying a state court lawsuit because of an arbitration agreement allegedly governed by the FAA. See 9 U.S.C. §§ 3 and 4. The Court can only consider staying a state court lawsuit based on the FAA when it "would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 n.32 (1983). See UHC Management Co., Inc. v. Computer Sciences Corp., 148 F.3d 992, 995 (8th Cir. 1998); PaineWebber Inc. v. Faragalli, 61 F.3d 1063, 1066 (3rd Cir. 1995); Snap-on Tools Corp. v. Mason, 18 F.3d 1261, 1266 (5th Cir. 1994). The Plaintiff's First Amended Application for a Stay Order pursuant to 9 U.S.C. §§ 3 and 4 states that "[t]his case involves multiple federal questions, to wit, it involves a contract affecting [interstate] 'commerce' as that term is set forth in 9 U.S.C. § 2, involves federal crop insurance statutes and rules including 7 U.S.C. 1501 *et seq.* and Chapter IV of Title 7, Code of Federal Regulations, and involves a federal crop insurance policy" [Dkt. No. 7].

1

The Court finds that the Plaintiff has failed to meet its burden of demonstrating an independent basis for federal subject matter jurisdiction over the underlying state court lawsuit despite the jurisdictional allegations in the Plaintiff's Application for a Stay Order. See St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

Federal subject matter jurisdiction exists if there is diversity jurisdiction or if a cause of action arises under federal law. See 28 U.S.C. §§ 1331 and 1332; Howery v. Allstate Ins. Co., 243 F.3d 912, 916-17, 919 (5th Cir. 2001). The Plaintiff does not allege that this Court has diversity jurisdiction over the lawsuit pending in state court, and the state court complaint reveals that the Parties are not of diverse citizenship [Dkt. No. 9]. Additionally, no cause of action in the state court complaint arises under federal law because the complaint alleges only state law causes of action, the Federal Crop Insurance Act (FCIA) does not completely preempt those causes of action, and those causes of action do not require the resolution of a substantial question of federal law.

"Federal district courts have jurisdiction over cases 'arising under the Constitution, laws, or treaties of the United States.' In determining whether a case 'arises under federal law' we look to whether the 'plaintiff's well-pleaded complaint raises issues of federal law.'" Howery, 243 F.3d at 916 (citations omitted). "The plaintiff is 'the master of her complaint,' and, as such, '[a] determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint.'" Medina v. Ramsey Steel Co., Inc., 238 F.3d 674, 680 (5th Cir. 2001) (citing Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995)). In this case, the Defendant's state court complaint alleges only state law causes of action. The Court therefore turns to examine two exceptions to the well-pleaded complaint rule: the complete preemption and the substantial question of federal law exceptions.

The complete preemption exception to the well-pleaded complaint rule applies when Congress "so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character. . . . [C]omplete preemption is jurisdictional in nature rather than an affirmative defense to a claim under state law. As such, it [creates federal jurisdiction] even if the complaint is artfully pleaded to include

2

solely state law claims for relief.'" Johnson v. Baylor University, 214 F.3d 630, 631 (5th Cir. 2000) (citing Heimann v. National Elevator Indus. Pension Fund, 187 F.3d 493, 499, 500 (5th Cir.1999)). "To establish complete preemption, one must show that (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and, (3) there is a clear Congressional intent that claims brought under the federal law be removable. Few federal statutes can meet such an exacting standard." Johnson, 214 F.3d at 632 (citations and quotation marks omitted).

Federal district courts within the Fifth Circuit disagree on whether the FCIA completely preempts state law causes of action so as to create federal question jurisdiction. A case from the Southern District of Texas, Brown v. Crop Hail Management, Inc., 813 F.Supp. 519, 528 (S.D. Tex.1993), holds that the FCIA does completely preempt state law claims. In contrast, two cases from the Northern District of Texas, Halfmann v. USAG Ins. Services, Inc., 118 F.Supp. 2d 714, 717 (N.D. Tex. 2000), and the Eastern District of Texas, Bullard v. Southwest Crop Ins. Agency, Inc., 984 F.Supp. 531, 536 (E.D. Tex. 1997), hold that the FCIA does not create federal jurisdiction. Halfman and Bullard both address and explicitly reject the reasoning of Brown. See Halfman, 118 F.Supp. 2d at 717; Bullard, 984 F.Supp. 531, 536-38. The Court concurs with the holdings of Halfman and Bullard and consequently holds that it does not have federal question jurisdiction over the Plaintiff's Application for a Stay Order [Dkt. No. 7] due to complete preemption.[1]

The second exception to the well-pleaded complaint rule applies when a state law cause of action requires the resolution of a substantial question of federal law. It arises when a complaint "states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary

---

[1] This conclusion is supported by appellate opinions from other circuits. See Meyer v. Conlon, 162 F.3d 1264, 1270 (10th Cir. 1998); Williams Farms of Homestead, Inc. v. Rain and Hail Ins. Services, Inc., 121 F.3d 630, 634-35 (11th Cir. 1997); Holman v. Laulo-Rowe Agency, 994 F.2d 666, 668 (9th Cir.1993). The Fifth Circuit has not ruled on the issue.

to resolve the case, and, (3) the question of federal law is substantial. Ultimately, whether a federal issue embedded in the matrix of a state law claim will support federal question jurisdiction entails a pragmatic assessment of the nature of the federal interest at stake." Howery, 243 F.3d at 917 (citations omitted). The substantial question of federal law exception is narrow because "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Willy v. Coastal Corp., 855 F.2d 1160, 1168 (5th Cir. 1988) (citation and quotation marks omitted). After reviewing the FCIA and the federal regulations issued by the Federal Crop Insurance Corporation, the Court finds that the claims pled in the Defendant's state court complaint do not raise a substantial issue of federal law that could give rise to federal jurisdiction. See accord Halfmann, 118 F.Supp. 2d at 721-22.

DONE at Brownsville, Texas, this 19th day of June 2001.

_____
Hilda G. Tagle
United States District Judge

4