*19*

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

*CAB-01-22*

No. 01-40823
Summary Calendar

U. S. COURT OF APPEALS
**FILED**

DEC 1 8 2001

CHARLES R. FULBRUGE III
CLERK

United States District Court
Southern District of Texas
FILED

JAN 1 1 2002

Michael N. Milby
Clerk of Court

RIO GRANDE UNDERWRITERS, INC.,

Plaintiff-Appellant,

versus

PITTS FARMS, INC.,

Defendant-Appellee.

Appeal from the United States District Court for
the Southern District of Texas

Before REAVLEY, HIGGINBOTHAM and WIENER, Circuit Judges.

REAVLEY, Circuit Judge:

Rio Grande Underwriters, Inc. (Rio Grande) appeals the district court's

order dismissing, for lack of subject matter jurisdiction, its petition for a stay and

order compelling arbitration. For the reasons that follow we AFFIRM.

Pitts Farms, an onion grower, filed suit in state court alleging state law

claims against Rio Grande for its failure to procure the right crop insurance

coverage on Pitts' behalf.[1]  When Pitts Farms sustained losses to its onion crop, it found that the insurance policy in place failed to designate its red and yellow onions into separate units.  According to Pitts Farms, the failure to designate the onion types as separate insurable units as permitted by federal regulations prevented Pitts from fully recovering for its losses.

Rio Grande seeks to avoid the litigation in state court by enforcing arbitration provisions in its contracts with Pitts Farms.  Unable to obtain relief in state court, Rio Grande filed a petition in federal court requesting a stay and order compelling arbitration.  Such relief is available in federal district court under the Federal Arbitration Act (FAA) only if the court would have had subject matter jurisdiction over the underlying civil action.  9 U.S.C. § 4.  Although Rio Grande has suggested numerous bases for jurisdiction, the district court properly found them to be without merit.

First, Rio Grande argues that because its contracts with Pitts Farms relate to interstate commerce, it follows that the FAA applies and that the case may therefore be heard in federal court.  This argument plainly misreads § 4 of the FAA.  The FAA is not an independent source of jurisdiction.  A party may obtain relief in federal court under the FAA only when the underlying civil action would

---

[1]Pitts Farm did not sue the issuing insurance company in the state court action.

otherwise be subject to the court's federal question or diversity jurisdiction. 9
U.S.C. § 4.

Rio Grande next argues that the FAA's preemption of the Texas General
Arbitration Act creates a federal question. However, conflict preemption is a
defense, not an independent basis for jurisdiction. <u>Copling v. The Container
Store, Inc.</u>[2]

Appellant maintains that the state court petition states a claim directly under
a federal regulation, and so contains a federal question on the face of the
complaint. Despite confusing phrasing, a fair reading of the petition reveals an
attempt to assert only state law claims. Pitts' allegations with respect to the
regulation are simply that Rio Grande breached duties to Pitts by failing to
separate the onion crop into different insurable categories as the regulation would
have allowed. <u>See</u> 7 C.F.R. § 457.135. This reading is supported by paragraph 11
of the petition, in which Pitts Farms states that it is suing for various violations of
statutory and common law duties, without mention of a private right of action
under federal regulations.

Rio Grande also argues that the district court would have had jurisdiction
over the underlying state court petition because the Federal Crop Insurance Act

---

[2] 174 F.3d 590, 595 (5th Cir. 1999).

3

(FCIA), 7 U.S.C. § 1501 *et seq.*, completely preempts state law claims against agents who sell federally reinsured crop insurance. "If a federal law is found to completely preempt a field of state law, the state-law claims in the plaintiff's complaint will be recharacterized as stating a federal cause of action." Hart v. Bayer Corp.[3] In contrast to conflict preemption, complete preemption is an exception to the well-pleaded complaint rule and creates federal question jurisdiction. Id.

Although an issue of first impression in this circuit, the three circuits deciding the question agree that the FCIA does not completely displace state law remedies against crop insurers or their agents. Meyer v. Conlon[4] (holding in context of conflict preemption that the FCIA has only a limited preemptive effect); Williams Farms of Homestead, Inc. v. Rain and Hail Ins. Servs., Inc.[5] (holding that the FCIA does not completely preempt state law claims against agents and insurers); Holman v. Laulo-Rowe Agency[6] (holding that claims against agents selling FCIC insurance are not completely preempted). The Fifth Circuit will not find a congressional intent to "occupy the field" and completely displace state law

---

[3] 199 F.3d 239, 244 (5th Cir. 2000) (citation and internal quotations omitted).

[4] 162 F.3d 1264, 1268-70 & n.2 (10th Cir. 1998).

[5] 121 F.3d 630, 633-34 (11th Cir. 1997).

[6] 994 F.2d 666, 669 (9th Cir. 1993).

4

unless the statute (1) contains a civil enforcement provision, (2) includes a specific grant of federal subject matter jurisdiction, and (3) reflects "a clear manifestation of congressional intent to make preempted state-law claims removable to federal court." Hart.[7]

In applying the Fifth Circuit test, the court looks both to the language of the statute and to the FCIC regulations promulgated thereunder, as Rio Grande argues that those regulations support a finding of congressional intent to preempt the entire field of claims relating to federally reinsured crop insurance. As a general rule, "[f]ederal regulations have no less preemptive effect than federal statutes." Fidelity Federal Sav. & Loan Ass'n v. De la Cuesta.[8] The statutory scheme as interpreted and implemented by FCIC regulations nevertheless fails all three parts of the Fifth Circuit complete preemption test.

First, neither the FCIA nor the regulations issued by the FCIC under its authority contain any civil enforcement provisions that would create a federal cause of action against crop insurance agents.[9] The absence of a federal remedy

---

[7] 199 F.3d at 245-46 (citing Aaron v. Nat'l Union Fire Ins. Co., 876 F.2d 1157 (5th Cir. 1989)).

[8] 458 U.S. 153-54 (1982). The court need not resolve whether the FCIC's regulations might achieve complete preemption over this field of state law even though the statute does not itself clearly evidence an intent to do; the FCIC has made no effort to accomplish that result.

[9] This court agrees with the Eleventh Circuit that 7 C.F.R. § 400.176(b) does not attempt to create a federal cause of action, but presumes the existence of state causes of action and limits

makes it difficult to conclude that Congress intended to displace state law.  See

Aaron[10] (describing the importance of the federal remedies created by the LMRA

and ERISA).  Second, the FCIA's express grant of federal jurisdiction is limited to

suits by and against the FCIC, not other parties.  7 U.S.C. §§ 1506(d),

1508(j)(2)(A).

Third, the statute does not contain a clear manifestation of congressional

intent to displace all state law claims by insureds against crop insurance agents.

7 U.S.C. § 1506(l).  Section 1506(l) provides only that state laws and rules "shall

not apply to contracts, agreements, or regulations of the Corporation or the parties

thereto to the extent that such contracts, agreements or regulations provide that

such laws shall not apply," or to the extent that there is a conflict.  The regulation

on which Rio Grande relies to prove complete preemption prohibits state or local

governmental bodies from promulgating rules or regulations, or passing laws that

directly or indirectly affect or govern agreements or contracts authorized by the

FCIA.  7 C.F.R. § 400.352(a).  However, the regulation continues:

> [N]othing herein is intended to preclude any action on the part of any
> authorized . . . State court or any other authorized entity concerning any

---

the damages to which reinsured companies might be exposed.  Williams Farms, 121 F.3d at 635.
Furthermore, even if this section could be construed as creating a separate cause of action against
insurers, there is no language in this section pertaining to agents.

[10] 876 F.2d at 1164-65.

actions or inactions on the part of the agent, company or employee of any company whose action or inaction is not authorized or required under the Federal Crop Insurance Act, the regulations, any contract or agreement authorized by the Federal Crop Insurance Act or by regulations or procedures issued by the Corporation.

7 C.F.R. § 400.352(b)(4). Whatever the exact scope of the FCIC's intended preemption, the above language illustrates an intent not to preempt *all* state-based causes of action against agents who sell federally reinsured crop insurance. Meyer[11]; Halfmann v. USAG Ins. Servs., Inc.[12] (examining the FCIC's own statements concerning the limited nature of 400.352's preemptive effect). The court finds no evidence that Congress intended to so displace state law claims against agents who sell policies reinsured by the FCIC as to convert them to federal claims and subject them to federal jurisdiction.

Finally, Appellant argues that reference to the federal regulation to support its state law claims raises a substantial question of federal law. For federal question jurisdiction to exist under this theory, Appellant must show "that (1) a federal right is an essential element of [the] state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is

---

[11] 162 F.3d at 1269.

[12] 118 F.Supp.2d 714, 720 (N.D. Tex. 2000).

7

substantial." <u>Howery v. Allstate Ins. Co.</u>[13]  Rio Grande has made no effort to apply the test, and the court has no basis to conclude that Pitts' limited use of the regulation satisfies <u>Howery,</u> or that reference to the regulation creates an "artful pleading" problem.

AFFIRMED.

---

[13] 243 F.3d 912, 918 (5th Cir. 2001).